CHAMBERLAIN et v SNYDER Admr
SNYDER Admr v CHAMBERLAIN et

Ohio Appeals, 6th Dist, Fulton Co

No 98. Decided Feb 25, 1929

Fred B Fowler, Wauseon, for plaintiff in error and plaintiff respectively.

Ward & Johnson, Wauseon, for defendants in error and defendants respectively.

**WILLIAMS, J.**

The first question for us to determine is whether the cause below is one which can be appealed. It is contended in argument that the action was one brought under **GC. Section 10857,** which permits an administrator to "ask the direction or judgment of the court in any matter respecting the * * estate or property to be administered and the rights of the parties in interest in the manner and as fully as formerly was entertained in courts of equity." We are of the opinion that the action below was not an action within the terms of this section, but that it was properly an interpleader under **GC. Section 11265.** An inspection of the record shows that of all the persons who were proper and necessary parties, the only one that was actually made a party was the plaintiff himself. If G. F. Knight was at the time of his death the owner of an interest in the fund in question, any right of action for such fund would pass to his personal representative and if there is such a duly appointed, qualified and acting personal representative, he is not made a party to this action. The fund is still in the hands of the building and loan company, and that company is not made a party. Both the building and loan company and the personal representative of G. F. Knight, deceased, were necessary parties to a complete determination of the issues involved in the court below, and an interpleader such as would result from the making of the proper and necessary parties is not appealable.

> **Maginnis vs. Schwab, 24 Ohio St., 336; Conklin vs. Andrews, 18 Court of Appeals Opinions, 6th District, unreported, p. 168.**

The appeal should therefore be dismissed.

We think the judgment in the error case should be reversed for the reason that it is not binding upon the building and loan company nor upon the estate of G. F. Knight, deceased. The duly appointed and acting personal representative of G. F. Knight, deceased could bring an action against the bank because he is not bound by a judgment in an action to which he is not a party, and the building and loan company itself could resist any new action to which it might be a party or could refuse to comply with the judgment rendered in the court below, for the same reason. We are not determining in any sense the rights of the parties to the fund on deposit, but leave that for future determination.

For the reasons given the judgment of the court below will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Lloyd and Richards, JJ, concur.