RODGERS, Estate of, In re: MATHENY (Cash), Applicant-Appellee, v. NAPPI, Admr., Respondent-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5204. Decided December 13, 1954.

Thomas W. Maxson, Columbus, for applicant-appellee.
Carl Gaeton Nappi, Columbus, respondent-appellant, Administrator etc., for himself.

## OPINION
By THE COURT.
Submitted on motion of the applicant-appellee seeking an order dismissing the appeal for the reason that the same is not a final order.

The record reveals that the appellee filed an application in the Probate Court seeking an order instructing the appellant, who is the administrator of the estate involved herein, to prepare and file with the Board of Liquor Control all papers necessary to transfer the liquor license held in the names of the appellee and the appellant's decedent, to the appellee. In response to said application the appellant filed a cross-petition seeking a dismissal of the appellee's petition; that declaratory judgment be entered declaring the business, the assets and all appurtenances thereto to be the property of the decedent's estate and that the applicant be required to account for the profits of said business.

The court made no finding on the cross-petition for an accounting, stating in the opinion as follows:

"The Court, at this time, has considerable doubt as to whether it has jurisdiction to entertain an action for an accounting between the deceased partner and the surviving partner, and for that reason makes no final order thereon. The purpose of this statement is to not preclude the filing of an action for an accounting in a court of general equity jurisdiction."

The order appealed from provides:

"It is therefore ordered, adjudged and decreed that the Clerk of this Court pay to the administrator herein said sum of One Hundred ($100.00) Dollars; that the administrator deliver to the applicant the physical property of the Shamrock Grill and execute such papers as may be required by the Ohio Department of Liquor Control to effect a transfer of the liquor permit to the applicant."

No jurisdictional or procedural questions are involved herein, but it is only the finality of the order with which we are concerned. The appellee cites **Chamberlain v. Snyder, 7 Abs 233,** in which it was held that an action which was properly in the nature of an interpleader was not appealable. In the cited case it was urged that the action was properly brought under §10857 GC, which section permits an administrator to ask the direction of the Court in matters respecting the estate. but the Court held otherwise for the reason that all of the necessary parties were not before it. This case is not similar to the case at bar for here we have all necessary parties to complete the adjudication of the subject matter. The fact that the Court did not pass upon the appellant's request for an accounting does not affect the finality of the order it made. In **Speidel, Admr., v. Schaller, 73 Oh Ap 141,** the first paragraph of the syllabus provides:

"An order of a Probate Court determining the parties' rights in all items of realty and personalty of an intestate's estate that were described in a petition filed in such court, but reserving for future adjudication the issue of their rights in items of personalty disclosed by the answers to such pleading and at the trial, is a final order from which an appeal may be taken to the Court of Appeals."

The order appealed from definitely and finally determines the right of the estate in the subject matter contained therein and it is therefore a final order.

The appellee has moved further, in case we determine the order to be appealable, that the appeal on law and fact be dismissed and the same be retained for determination on questions of law only. This branch of the motion is well taken for the reason that the order was not made in a chancery proceeding and only chancery cases are appealable on law and fact. This branch of the motion will be sustained. The law and fact appeal will be dismissed and the case retained for determination on questions of law only. The appellant will be granted leave to perfect the appeal in accordance with Supplement to Rule VII of this Court.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

Decided February 11, 1955.

## OPINION

By THE COURT.

Submitted on motion of the applicant-appellee seeking an order dismissing the appeal for the reason that no bill of exceptions has been filed, and in the alternative if the above motion should be overruled the appellee seeks an order affirming the judgment of the Probate Court.

An examination of the assignments of error discloses that a bill of exceptions is necessary to exemplify the errors complained of.

The motion is, therefore, well taken and the judgment of the Probate Court will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.